IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| WARM HEARTS CARE, INC., KEVIN MADONDO and NYASHA KANJANDA, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 3:14-cv-0977 Chief Judge Haynes |
| v. | ) ) | |
| DEBRA K. PAYNE, Commissioner of the Tennessee Department of Intellectual and Developmental Disabilities, in her official and individual capacities, | ) ) ) ) ) | |
| Defendant. | ) ) | |

# ORDER

Plaintiff, Warm Hearts Care, Inc., a contract provider of services to the State of Tennessee Department of Intellectual and Developmental Disabilities ("DIDD") and Plaintiffs Kevin Madondo and Nyasha Kanjanda, filed this action under the federal question statute, 28 U.S.C. § 1331, asserting claims under 42 U.S.C. §§ 1983and 1985. In sum, Plaintiffs challenge the Defendants' termination of Warm Hearts's provider contract, contending that the Defendant denied Plaintiffs an opportunity to respond completely about the placement of Warm Hearts Care on an abuse registry. Plaintiffs seek a temporary restraining order and a preliminary injunction to prohibit DIDD from terminating Warm Hearts's provider contract and from transitioning any of Warm Hearts's clients to another service provider, until the conclusion of this action. (Docket Entry No. 3, Motion for Temporary Restraining Order).

As to whether claims for breach of public provider contracts gives rise to a federal law

1

claims, federal courts have held that where the public provider contract is terminable at will, any property interest arising out of the contract is nothing "more than an ordinary contract right" that is not entitled to protection under the Due Process Clause. S & D Maintenance v. Goldin, 844 F.2d 962 (2d Cir. 988); Bailey, Inc. v. City of Detroit, 975 F.Supp. 993 (E.D. Mich. 1997). Moreover, Plaintiffs have a state law claim for their property losses that precludes their due process claim. Brooks v. Dutton, 751 F.2d 197, 199 (6th Cir. 1985).

For these reasons stated, the Court concludes that it lacks subject matter jurisdiction in this action and the Plaintiffs' motions for injunctive relief are **DENIED**. This action is **DISMISSED without prejudice** to Plaintiff's underlying claims under state law.

It is so **ORDERED**.

ENTERED this the 16th day of May, 2014.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court